**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2388
_____

ERIK ANTHONY CROOKS-RICHARDS,
a/k/a ERIK CROOKS,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Appeal from the Board of Immigration Appeals
(Agency No. A042-170-232)
Immigration Judge:  Hon. Mirlande Tadal
_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 15, 2016

Before:  AMBRO, CHAGARES, and FUENTES, <u>Circuit</u> <u>Judges</u>.

(Filed:   December 21, 2016)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Circuit Judge.

Petitioner Erik Anthony Crooks-Richards seeks reversal of an April 18, 2016 final removal order by the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's (the "IJ's") denial of his application for cancellation of removal. For the reasons that follow, the petition for review will be dismissed.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. Crooks-Richards is a 41-year-old native and citizen of Costa Rica. He was admitted to the United States as a lawful permanent resident in 1989 at the age of 14. Since his entry to the United States, he has only returned to Costa Rica once, in 1997, for a two-week period of time. He is a high-school graduate who is employed at a moving company. He is also married and has four U.S. citizen children. He is the sole provider for his wife and children. His mother is a naturalized U.S. citizen and lives in the United States. She is a state licensed child-care worker.

On January 26, 2005, Crooks-Richards was convicted of manslaughter. He was in prison from 2005 to 2008. J.A. 18. Between 2009 and 2014, he was convicted three times for driving under the influence ("DUI"). He was sentenced to six months of imprisonment for the third DUI conviction. J.A. 18. On February 23, 2015, he was convicted of theft by deception. J.A. 18. Thereafter, he was placed in removal proceedings and charged as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) on the ground that since his admission to the United States he had "been convicted of two crimes

2

involving moral turpitude not arising out of a single scheme of criminal misconduct." Joint Appendix ("J.A.") 4. On August 6, 2015, Crooks-Richards conceded the underlying factual allegations and also conceded that he was removable under the statute. J.A. 15. He sought relief in the form of cancellation of removal under 8 U.S.C. § 1229b(a). On January 6, 2016, the IJ held a hearing on the merits of Crooks-Richards's application, at which both Crooks-Richards and his mother testified.

On January 22, 2016, the IJ denied Crooks-Richards's application for cancellation of removal. It was not disputed that Crooks-Richards was eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). J.A. 17. However, the IJ declined to exercise her discretionary authority and grant his application. In reaching this decision, the IJ considered Crooks-Richards's positive equities – "his family and the long duration in the United States" – and weighed them against the adverse factors in his case – his criminal convictions. J.A. 18-20. The IJ concluded, "[Crooks-Richards] has not established that he warrants a waiver as a matter of discretion. The positive equities in this particular case do not outweigh the adverse factor of his criminal record." J.A. 20. Crooks-Richards appealed the IJ's decision.

The BIA reviewed the IJ's factual findings and conducted its own discretionary analysis. It found no clear errors in the factual findings. In performing its discretionary analysis, the BIA balanced "the adverse factors evidencing [Crooks-Richards's] undesirability as a permanent resident with the social and humane considerations presented on his . . . behalf." J.A. 2. The BIA found that Crooks-Richards's "negative factors outweigh[ed] his equities" and, thus, "affirm[ed] the conclusion that a grant of

3

cancellation of removal [was] not in the best interests of the United States." J.A. 3. The BIA accordingly dismissed Crooks-Richards's appeal on April 18, 2016. Crooks-Richards timely filed this petition for review.

## II.

The BIA had jurisdiction over Crooks-Richards's appeal under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. Under 8 U.S.C. § 1252(a), we generally have jurisdiction to review final orders of removal. However, § 1252(a)(2)(B)(i) strips us of jurisdiction to review discretionary decisions regarding cancellation of removal, unless a petitioner raises colorable "constitutional claims or question of law." 8 U.S.C. § 1252(a)(2)(B)(i) and (a)(2)(D); see also Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). When, as here, the BIA issues a separate opinion, as opposed to summarily affirming the IJ, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We exercise de novo review over the BIA's conclusions of law. Mendez-Reyes, 428 F. 3d at 191.

## III.

Crooks-Richards submitted an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). An applicant for cancellation of removal pursuant to § 1229b(a) must show that he has been admitted for permanent residence for at least five years, that he has resided in the United States continuously for seven years, and that he has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). In addition, he must establish that he warrants relief as a matter of discretion. Matter of C-V-T, 21 I&N Dec. 7, 10

4

(BIA 1998). In exercising her discretion, an IJ "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." Id. at 11 (quoting Matter of Marin, 16 I&N Dec. 581, 584-85 (BIA 1978) (alterations in original)).

On appeal to this court, Crooks-Richards argues that (1) "[t]he Immigration Judge's finding that [he] does not qualify for cancellation of removal under INA § 240(A)(c) is not supported by substantial evidence," Crooks-Richards Br. 9 (capitalizations removed), and (2) "[t]he Board of Immigration Appeals erred in affirming the decision of the Immigration Judge when the results were incorrect," Crooks-Richards Br. 16 (capitalizations removed).

With respect to his challenge to the IJ's decision, Crooks-Richards argues that "[the IJ] erroneously concluded that [he] does not warrant a favorable exercise of discretion and a subsequent grant of Cancellation of Removal because his positive equities do not outweigh the adverse factors of his criminal record." Crooks-Richards Br. 12. First, because the BIA conducted its own discretionary analysis, we do not review the IJ's conclusion that Crooks-Richards's case does not merit cancellation of removal. See Huang, 620 F.3d at 379. Second, even if the IJ's discretionary conclusion were properly before this Court, we would lack jurisdiction to review it because weighing of the equities is a quintessential exercise of discretion which Congress has stripped us of jurisdiction to review. Crooks-Richards attempts to frame the issue as a question of law by arguing that "[t]he Immigration Judge committed legal error by abusing her discretion

5

and denying [his] application for Cancellation of Removal." Crooks-Richards Br. 7. He specifically contends that she failed to consider all of the evidence presented to establish [Crooks-Richards's] good moral character. Crooks-Richards Br. 7. He also argues that she "abused her discretion in denying [his] application for Cancellation of Removal and her decision was not supported by substantial evidence and she failed to properly consider the future hardships to [Crooks-Richards's] four U.S. citizen children and his U.S. Citizen mother, which would result from his removal." Crooks-Richards Br. 7-8. Despite Crooks-Richards's efforts to cast his arguments of questions of law, his contentions "amount to nothing more than 'quarrels over the exercise of discretion and the correctness of the factual findings reached by the [IJ].'" Cospito v. Attorney Gen. of U.S., 539 F.3d 166, 170–71 (3d Cir. 2008) (quoting Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008)). Under § 1252(a)(2)(B)(i), we lack jurisdiction to review such claims, and we will dismiss this petition to the extent that it challenges the IJ's decision.

Crooks-Richards also argues that "[b]ecause the Immigration Judge made legal errors in [her] decision by not properly weighing all of the evidence, the BIA erred in affirming the Immigration Judge's decision. The BIA was required to give this case full consideration, and failed to do so." Crooks-Richards Br. 16. To the extent that Crooks-Richards is challenging the BIA's application of the proper legal standard, his argument has no merit. The BIA properly reviewed the IJ's factual findings for clear error and found none. The BIA then conducted its own discretionary analysis, properly and carefully applying the standard set forth in Matter of C-V-T and Matter of Marin. We find no error in the BIA's conclusions of law. To the extent that Crooks-Richards is

6

challenging the BIA's exercise of discretion, we lack jurisdiction to review such claims.

Accordingly, we will dismiss this petition to the extent that it challenges the BIA's

decision.

IV.

For the foregoing reasons, we will dismiss this petition for review.